UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INFORMED CONSENT ACTION NETWORK, | § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | 1:21-cv-00915-RP |
| NATIONAL INSTITUTES OF HEALTH, | | |
| *Defendant*. | | |

### REPLY IN SUPPORT OF DEFENDANT'S
### MOTION TO DISMISS FOR LACK OF JURISDICTION

The Court should dismiss this Freedom of Information Act (FOIA) lawsuit for lack of subject-matter jurisdiction. Plaintiff alleges that defendant National Institutes of Health (NIH) failed to timely respond to its FOIA requests and asks the Court to "order … NIH to expeditiously produce all documents responsive to [such] requests." *See* Compl. ¶ 25. After the Complaint was filed, NIH produced the requested documents. *See* Mot. to Dismiss at 2. Accordingly, Plaintiff's lawsuit is now moot and should be dismissed. *See, e.g.*, *Velasquez v. Nielsen*, 754 F. App'x 256, 262 (5th Cir. 2018); *Calhoun v. FBI*, 546 F. App'x 487, 490 (5th Cir. 2013); *Ayanbadejo v. Chertoff*, 517 F.3d 273, 278 (5th Cir. 2008); *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[1]

Plaintiff's opposition to dismissal rests on an argument that the Complaint's demand for attorney's fees is a "separate request[] for relief" that is "not moot and is not precluded" by NIH's production of documents. *See* Pl.'s Opp'n to Mot. to Dismiss ¶¶ 28–32. But "a

---

[1] Plaintiff suggests that it also intends to challenge the adequacy of NIH's search for responsive records. *See* Pl.'s Opp'n to Mot. to Dismiss ¶ 31. Any such challenge has not yet been exhausted through the administrative appeals process and therefore is not currently before the Court. *See, e.g.*, *Calhoun*, 546 F. App'x at 490; *Voinche*, 999 F.2d at 963.

claim for attorney's fees is not part of the merits of the action to which the fees pertain." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988). Thus, a request for fees cannot "salvage[] an otherwise moot case," because "a determination of mootness neither precludes nor is precluded by an award of attorneys' fees." *Doe v. Marshall*, 622 F.2d 118, 120 (5th Cir. 1980). In other words, Plaintiff's demand for attorney's fees "cannot save [its] FOIA claim from becoming moot." *See Cornucopia Inst. v. USDA*, 560 F.3d 673, 676 (7th Cir. 2009); *see also Anderson v. HHS*, 3 F.3d 1383, 1384–85 (10th Cir. 1993).

On the other hand, nothing prevents the Court from ruling on a timely request for fees ***after*** this case is properly dismissed. *See* Pls.' Opp'n to Mot. to Dismiss ¶ 33 (making this argument in the alternative); *see also* Local Court Rule CV-54(b) (setting forth the procedure for requesting attorney's fees in this district).[2] A district court is "empowered to consider an award of attorney's fees" notwithstanding its "dismissal of [a FOIA] suit on the basis of mootness." *See Arevalo-Franco v. INS*, 889 F.2d 589, 590 (5th Cir. 1989) (citing *Blue v. BOP*, 570 F.2d 529 (5th Cir. 1978)). A moot FOIA claim "does not necessarily preclude the plaintiff from seeking attorneys' fees, because such a request 'survives independently under the court's equitable jurisdiction.'" *Cornucopia Inst.*, 560 F.3d at 676 (quoting *Anderson*, 3 F.3d at 1385) (cleaned up).

WHEREFORE, Defendant NIH respectfully requests that the Court promptly dismiss this action for lack of subject-matter jurisdiction.

---

[2] NIH does not concede that a fee award would be appropriate in this case and reserves the right to object to any such request.

Dated: January 5, 2022

Respectfully submitted,

ASHLEY C. HOFF
United States Attorney

*/s/ Thomas A. Parnham, Jr.*
THOMAS A. PARNHAM, JR.
Assistant United States Attorney
New York Bar No. 4775706
903 San Jacinto Blvd, Suite 334
Austin, Texas 78701
(512) 916-5858 (tel)
(512) 916-5854 (fax)
thomas.parnham@usdoj.gov

*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I certify that on January 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this case.

*/s/ Thomas A. Parnham, Jr.*
THOMAS A. PARNHAM, JR.
Assistant United States Attorney